UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


CURTIS FULLER,

        Petitioner,

v.                                                        Case No. 2:05-cv-122
                                                          HON. GORDON J. QUIST
DAVID BERGH,

        Respondent.

_____/


### OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on May 27, 2005.  The Report and Recommendation was duly served on the parties.  The Court has received objections from the Petitioner.  In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.  The Court now finds the objections to be without merit.

Petitioner claims that he is entitled to equitable tolling of the statute of limitations because he is actually innocent of the misconduct convictions.  To support a claim of actual innocence, a petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations and citations omitted), *quoted in Whalen*, 2002 WL 409113, at * 6; *Allen*, 366 F.3d at 405.  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence,

trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.  A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).  Petitioner has made no such showing in this case.  His contention that his habeas claims have merit does not state a claim of actual innocence.  Moreover, he has presented no new reliable evidence in support of such a claim.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th

Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate);

*Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was

"intrinsically contradictory" to grant a certificate when habeas action does not warrant service under

Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be

inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of

a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the

district court must "engage in a reasoned assessment of each claim" to determine whether a

certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the

Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds that it is barred by

the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on

procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least,

[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and [2] that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." Both showings must be made to warrant the grant of a

certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly

dismissed each of Petitioner's claims on the procedural grounds that it is barred by the statute of

limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to

dispose of the case, a reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.*  Therefore,

the Court denies Petitioner a certificate of appealability.


Dated:  October 6, 2005                                   /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE